No. 21,804.

FERN EASTER, *Appellant*, v. THE CITY OF EL DORADO, *Appellee*.

No. 21,805.

C. EASTER, *Appellant*, v. THE CITY OF EL DORADO, *Appellee*.

SYLLABUS BY THE COURT.

1. MOB VIOLENCE—*Mob Assembled in City—Property Destroyed Outside Corporate Limits—City Liable.* Under the statute providing that "all incorporated cities and towns shall be liable for all damages that may accrue in consequence of the action of mobs within their corporate limits, whether such damages shall be loss of property or injury to life or limb" (Gen. Stat. 1915, § 3822), a city is liable for damages resulting from the action of a mob which assembled in the city and while acting within its corporate limits destroyed and injured property located just outside of its corporate limits.

Appeals from Butler district court; ALLISON T. AYRES, judge. Opinion filed January 11, 1919. Reversed.

*Freeman L. Martin,* of Wichita, for the appellants.

*B. R. Leydig,* city attorney, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Is a city liable for the damages resulting from the action of a mob which forms and operates within a city, where the injuries are inflicted on persons and property outside of the corporate limits of the city, is the uestion presented on these appeals.

The question arises on a ruling of the trial court sustaining a demurrer to plaintiff's petition in each case. In each petition it was alleged, in substance, that a mob of about two hundred persons assembled in the city for the unlawful purpose of injuring plaintiff and destroying his home and its contents, which were located just a few feet outside of the corporate limits; that the mob came close to the house, and from a point within the corporate limits of the city shot into and threw stones at the house, destroying it and damaging and carrying away personal property of considerable value. The defendant contends, and the ruling of the court appears to have been based upon the theory, that no liability can arise from the action of a mob which takes effect outside of the corporate limits. The statute under which the actions were brought provides that:

"All incorporated cities and towns shall be liable for all damages that may accrue in consequence of the action of mobs within their corporate limits, whether such damages shall be loss of property or injury to life or limb." (Gen. Stat. 1915, § 3822.)

The defined liability arises as a consequence of the action which a mob takes within the corporate limits of a city or town. It is based on the place where the action is had, and not on the place where it takes effect. It differs from a statute of Illinois which makes the place where the property destroyed or injured, and not the place where the mob assembled, the criterion as to liability, and it was held that a municipality was not liable under that statute for the action of a mob assembling or occurring outside the limits of the municipality, and beyond the control of its officers. (*Sturges v. City of Chicago,* 237 Ill. 46.) Here the mob assembled and operated within the corporate limits and in a place where the city authorities had control. According to our statute, if the mob assembles and operates within the corporate limits, and its action results in

damages, the city is liable, not only for the damages done within the city, but "for all damages that may accrue in consequence of the action," etc.   It has been said—

"One of the purposes of, the statute was to quicken the public conscience and stimulate a sentiment in favor of law and order by making each citizen and taxpayer responsible for a proportionate share of the loss resulting from mob violence and thus making each a champion of peace and good oredr." (*Blakeman v. City of Wichita*, 93 Kan. 444, 449; 144 Pac. 816.)

The statute was intended to prevent the organization of such mobs as were formed in the defendant city, and to impose a penalty for the failure of, the city to suppress such mobs and prevent them from committing acts of mob violence within the jurisdiction of the city.   The city authorities had the power, and they were charged with the duty, of preventing the assembling of the mob and the execution of their unlawful purpose within the corporate limits of the city.   The defendant cannot escape liability because the mob so formed established its battle line on the corporate boundary and shot and stoned persons and property outside the corporate limits.

The judgment is reversed, and the cause is remanded for further proceedings.